[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of two home improvement contracts between the parties for two separate residences. The plaintiff is a licensed home improvement contractor, and the defendant is the owner of both residences. CT Page 3012
The plaintiff initiated this action in small claims court in a single count complaint seeking payment of $2000 he claims is owed under one of the contracts. The defendant moved to transfer the action and filed a two count counterclaim seeking damages in excess of the amount allowed in the small claims docket under both contracts between the parties. Pursuant to P.B. § 572, the court transferred the action to the regular docket.
The court heard testimony over several days into January 1997. Each side submitted posttrial memoranda on February 7, 1997. The plaintiff's case consisted of his own testimony, and, in response, the defendant testified. On the other hand, the defendant called a number of witnesses in addition to himself on his counterclaim: Timothy Slocum, of Home Fabric Mills; Russell Johnson, of Quebec Construction Co.; Stanley Gura, a roofer; and Tom Landrigan, of Daiman Insurance Agency. The plaintiff defended the counterclaim through his own testimony and that of Albert Gardella of Aetna Life and Casualty. At the time of trial the defendant withdrew his claim for property damage to the interior of 85 Brownstone Ridge.
 I
In the amended complaint the plaintiff alleges that in July 1994 the parties entered into a written home improvement contract to improve the roof at 85 Brownstone Ridge. He alleges that although he performed his obligations under the contract by September 15, 1994, the defendant has failed to pay him $2000. The defendant filed two special defenses, alleging that the plaintiff failed to complete the work set forth in the contract and that the work he did perform was done in an unworkmanlike manner.
The court considered the testimony and documentary evidence as framed by the pleadings and finds the following facts by a fair preponderance of the evidence. On July 5, 1994, the parties entered into a home improvement contract for roof work at 85 Brownstone Ridge in Meriden. (Exh. 11). The defendant paid the plaintiff $7000 towards the contract price of $9000. There were no written amendments to this contract. The plaintiff completed performance under the contract except that he did not install the torch applied roofing around the cupola. The plaintiff testified that upon closer inspection, after the execution of the contract, he realized that, because of the location of the windows, torch CT Page 3013 applied roofing around the cupola would not be appropriate. Instead, after discussing it with the defendant, he applied double coverage roofing by cold application.
In his counterclaim, the defendant proceeded to trial on that part of the first count that alleged he expended money on other contractors to correct the plaintiff's defective work on 85 Brownstone Ridge. The court finds that he has failed to meet his burden of proof as to these allegations as well as the allegations in his special defense that the work was performed in an unworkmanlike manner.
 II
Count two of the counterclaim alleges that as to 354 Allen Avenue in Meriden, the parties entered into a contract to improve the roof, and that the plaintiff was paid the full contract price but did not complete the work nor did he perform the work in a workmanlike manner. As a result of the plaintiff's breaches, the defendant alleges he suffered extensive interior water damage and expended money to correct the plaintiff's defective workmanship.
The court considered the testimony of the various witnesses and the documentary and demonstrative evidence and finds the following facts by a fair preponderance of the evidence.
On June 25, 1994, the parties entered into a home improvement contract to reroof parts of the pool roof and to strip and reroof the front entrance at 354 Allen Avenue, Meriden, for a price of $5200 (Exh. N.). In October 1993, these premises suffered severe water damage. The defendant did not repair the damage to the interior premises prior to the plaintiff's work on the premises. The plaintiff completed performance under this contract by September 1994, except that he did not install a termination bar on the pool house roof. Instead, he used an asphalt with an adhesive. This modification was not in writing. The defendant presented credible testimony that, as a result of the plaintiff's failure to install a termination bar, the defendant expended monies to have Stanley Gura install the bar in January 1995. Based upon the testimony and the statement of costs submitted by Mr. Gura for the entire job, (Exh. L), the court awards the defendant damages of $1125.
As to the claim that the plaintiff's work caused the defendant $19,302.43 in property damage, the court finds that the CT Page 3014 credible and probative evidence does not support this claim. In light of the prior damage and claim, as well as the work done on the roofs prior to the plaintiff's work, the court cannot find that the plaintiff's work in the summer of 1994 was the cause of the damage to the drapes, rugs, interior pool house or interior front entrance area.
 III
The statute encompassing home improvement contractors, General Statutes § 20-429 provides in pertinent part:
 (a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor, except that the commissioner may, by regulation, dispense with the necessity for complying with the requirement that each change in a home improvement contract shall be in writing and signed by the owner and contractor.
 (f) Nothing in this section shall preclude a contractor who has complied with subdivisions (1), (2), (6), (7) and (8) of subsection (a) of this section from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner, provided the court determines that it would be inequitable to deny such recovery.
The modifications as to the roofing around the cupola at 85 Brownstone Ridge and the omission of the termination bar at 354 Allen Avenue were not in writing. Unless the court finds (f) applies, then the plaintiff cannot recover the $2000 on his complaint and may be liable for some of defendant's damages on the counterclaim. The contract (Exh. 11) as to 85 Brownstone Ridge is in conformance with the requirements of (f). Accordingly, the court finds that the plaintiff is entitled to recover the reasonable value of his services of $2000. The court finds it would be inequitable to deny such recovery. CT Page 3015
As to the contract for 354 Allen Avenue, (Exh. N) the court finds it was not in conformance with (f) of General Statutes § 20-429 in that it included no start or completion date. Accordingly, the court finds for the defendant on the issue of the termination bar and awards damages on Count 2 of the counterclaim.
In light of the court finding for the defendant on one count of the counterclaim, the plaintiff's motion for attorney's fees under General Statutes § 52-251a is denied. The plaintiff is awarded $300 attorney's fees on the complaint pursuant to the contract.
 IV
Judgment may enter in favor of the plaintiff on the complaint in the amount of $2300 and in favor of the defendant on the counterclaim in the amount of $1125. Costs are taxed to neither party.
DiPentima, J.